IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00308-CV

 

Jim Tranum,

                                                                                    Appellant

 v.

 

David Broadway,

                                                                                    Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. COT-01-33,453

 



DIssenting Opinion



 

            I
respectfully dissent.[1]  Tex. R. App. P. 47.5.

 

SLANDER

 

            I fully agree to affirm the trial
court’s judgment concerning Broadway’s slander claim.

 

 

MALICIOUS PROSECUTION

 

I also agree with the deletion of the award of
mental anguish damages for malicious prosecution, concluding that the evidence
is legally insufficient to support that award, but I would not reach that issue
in light of my disagreement about the evidentiary support for the claim itself. 
I would hold that Broadway failed to produce legally sufficient evidence of at
least two of the necessary elements to recover for malicious prosecution.

initiation or procurement of prosectuion

            

There is no evidence that a prosecution was
commenced, as I understand that term.[2]  The
evidence conclusively shows that Tranum presented information to the District
Attorney, the District Attorney reviewed the information and talked to
potential witnesses, and the District Attorney (not Tranum) exercised his own
discretion in making the decision to present the information to the grand
jury.  The record does not show that Tranum signed a criminal complaint, that
Broadway was ever arrested, or that he was required to make bond.  The evidence
shows that the first step towards a formal criminal charge was presentation of
the results of the investigation to the grand jury by the District Attorney,
and that action resulted in a “no-bill.”

I find no evidence that Tranum filed “formal
charges against [the] plaintiff.”  Browning-Ferris Indus., Inc. v. Lieck,
881 S.W.2d 288, 293 (Tex. 1994) (grand jury indicted Lieck).  In Lieck,
the Supreme Court said:

            Initiation would not ordinarily need
to be defined, as it would be demonstrated by evidence that defendant filed
formal charges against plaintiff, but procurement should be defined as
follows:

 

A person procures a criminal prosecution if his
actions were enough to cause the prosecution, and but for his actions the
prosecution would not have occurred.  A person does not procure a criminal
prosecution when the decision whether to prosecute is left to the discretion of
another, including a law enforcement official or the grand jury, unless the
person provides information which he knows is false.  A criminal prosecution
may be procured by more than one person.

 

Id.
(emphasis added).  So, Tranum did not “initiate” a criminal prosecution, but
did he “procure” one?

            The opinion relies on the notion that
the evidence shows that “Tranum provided [District Attorney] Simpson with
material information that he knew to be false and that Simpson’s decision to
prosecute Broadway would not have been made but for this false information.” 
The problem with that analysis, as I see it, is that Simpson did not file
formal charges—he left that decision to the grand jury, and the grand jury
returned a “no-bill.”  If the grand jury or other official would have made the
same decision with or without the false information, the complainant did not
cause the prosecution by supplying false information.  See King v. Graham,
126 S.W.3d 75, 78 (Tex. 2003) (grand jury indicted Graham for felony theft) (“a
person who knowingly provides false information to the grand jury or a law
enforcement official who has the discretion to decide whether to prosecute a
criminal violation cannot be said to have caused the prosecution if the
information was immaterial to the decision to prosecute”).  Here, the grand
jury’s decision not to prosecute would have been no different without the
information that Broadway claims was false; thus, that information, false or
not, was immaterial to the decision that the grand jury made.

            Finally, “to recover for malicious
prosecution when the decision to prosecute is within another's discretion, the
plaintiff has the burden of proving that that decision would not have been made
but for the false information supplied by the defendant.”  Id. at 78.  The
memo described below, prepared at Simpson’s direction prior to the presentation
of the matter to the grand jury, dispels the idea that any false information
Tranum gave was material to Simpson’s decision to present the matter to the
grand jury.

There is no evidence that a criminal prosecution
was commenced and no basis for the finding that Tranum initiated or procured a
prosecution.

lack of probable cause

 

            “Courts must be especially careful in
malicious prosecution cases to ensure that sufficient evidence supports each
element of liability.”  Kroger Texas Ltd. Partnership v. Suberu, 216
S.W.3d 788, 795 (Tex. 2006) (Suberu spent four hours in jail after arrest; jury
acquitted her of misdemeanor theft).  However, an acquittal does not establish
the absence of probable cause.  Id. at 794.  “[I]t is well settled that
a private citizen has no duty to investigate a suspect's alibi or explanation
before reporting a crime.”  Id.  “If the acts or omissions necessary to
constitute a crime reasonably appear to have been completed, a complainant's
failure to investigate does not negate probable cause.”  Id.  Further,
any failure to fully disclose all relevant information to the District Attorney
is immaterial to the probable-cause inquiry.  Richey v. Brookshire Grocery
Co., 952 S.W.2d 515, 519 (Tex. 1997).

Included in exhibit 14 is a memorandum from Bruce
Beals, a legal assistant to District Attorney Simpson, stating as a conclusion:

Based on the interview with Niemeier (the
accountant), a review of the report he provided, Broadway’s employment
contract, the statement provided by Ms. B. J. Shaw, and the applicable portions
of the Texas Penal Code, it is my conclusion that there is reason to believe
that David C. Broadway intentionally misrepresented the amount of annual net
profit of Tranum Ford-Mercury in order to obtain a yearly bonus, thereby
unlawful (sic) appropriating funds (property) from Tranum.  These bonuses
totaled more than $20,000 but less than $100,000 during the period 1995 – 2000.

 

Beals recommended that an indictment be prepared,
naming Broadway as the defendant, that the case be presented to the grand jury,
and that Niemeier and Ms. Shaw be called as witnesses.

The opinion discusses “Tranum’s decision to
prosecute,” but the decision to present the information to the grand jury was
Simpson’s, and according to Beals’s memo, the decision was based on Niemeier’s
interview and report, the employment contract, and Ms. Shaw’s statement.  The
memo demonstrates conclusively that the District Attorney found that probable
cause existed to exercise his discretion to present the information to the
grand jury.  If probable cause existed for presentation to the grand jury, then
probable cause existed for Tranum to ask Simpson to investigate Broadway’s
actions.

 

 

 EXEMPLARY
DAMAGES

            Finally, based on my view of the
malicious prosecution claim, I must disagree with the decision about the
exemplary damages award.

The jury found (1) $75,000 for reputation damages
and $500,000 for mental anguish damages for malicious prosecution, (2) $250,000
for mental anguish damages for slander, and (3) $750,000 for exemplary
damages.  We all agree that the $500,000 is not recoverable but disagree about
the $75,000.  Eliminating the reputation damages and mental anguish damages would
reduce the exemplary damages to $250,000 under Justice Reyna’s analysis, with
which I agree.

SUMMARY

I would reform the trial court’s judgment to
delete the amounts awarded by the jury for compensatory damages for malicious
prosecution.  I would therefore also reform the judgment to limit the award of
exemplary damages to $250,000.

I respectfully dissent from the judgment.

 

 

 

 

BILL VANCE

Justice

 

Dissenting
opinion delivered and filed July 2, 2008








 









[1] Chief Justice Gray does not join Justice Reyna’s
opinion.





[2] I have not found a case in which the plaintiff
who asserted a malicious prosecution claim was never formally charged with a
crime.